Hagins, Etc., v. Combs, Etc.

For the reasons indicated the judgment of the lower court is affirmed.

---

CASE 29—PETITION ORDINARY—NOVEMBER 10.

## Hagins, Etc. v. Combs Etc.

102 165
121 691

APPEAL FROM BREATHITT CIRCUIT COURT.

1. SALES OF PERSONAL PROPERTY—WHEN TITLE PASSES.—Where there is a contract for the sale of personal property in a deliverable state, but the seller is bound to weigh, measure, test or do some other act or thing with reference to the property for the purpose of ascertaining the price, the title thereto does not pass until such act or thing is done; but it is otherwise where nothing remains to be done by the seller, and it appears that the parties intended that the title should pass immediately; and this is true though it is subsequently to be weighed and measured in order to ascertain the total amount of the price. And the fact that the property was to be delivered at a given point does not change the rule when it appears that it was intended that such delivery was to be made by the seller as the agent of the buyer.

G. W. FLEENOR, J. B. MARCUM AND W. W. VAUGHN, FOR APPELLANTS.

1. Where something remains to be done for the purpose of testing the property, or fixing the amount to be paid, by selecting, weighing, measuring, counting or the like, the property will pass before that act is done where it is plain from the contract that such was the intention of the parties. Burr v. Williams, 23 Ark., 244; Ford v. Chambers, 28 Cal., 13; Cummins v. Griggs, 2 Duv., 87; Robins v. Oldham, 1 Duv., 28; Riddle v. Vardanum, 37 Mass., 283; Graff v. Fitch, 58 Ill., 373; Terry v. Wheeler, 25 N. Y., 520; Macomber v. Parker, 30 Mass., 183; Newcomb v. Cable, &c., 10 Bush, 460; Willis v. Willis, 6 Dana, 48; Sweeney v. Owsley, 14 B. M., 332.

2. Thus a sale of logs to be delivered at a particular place where such logs are designated by marks or brands is sufficient to pass

the title to the purchaser, although they are afterwards to be delivered at a place designated by the seller. 'Walden v. Murdock, 23 Cal., 540; Bertelson v. Bower, 81 Ind., 512; Filkins v. Whyland, 24 N. Y., 238.

3. Whether the sale is executed and the title passes to the buyer depends upon the intention of the parties, and this may be shown by circumstances as well as declarations. Callahan v. Myers, 89 Ill., 566 and 570; Hatch v. Standard Oil Co., 100 U. S. (10 Otto) 124, 131; Gurney v. Collins, 31 N. W. Rep., 429; Morgan v. King, 28 W. Va., 1 Benjamin on Sales, 3 edition, secs. 359, 376, 397.

4. As to whether the parties intended a sale, and for the title to pass to the purchaser is a question of fact and should always be submitted to the jury. Dyre v. Libby, 61 M. E., 45; McClung v. Kelly, 21 Iowa, 508; George v. Stubbs, 26 M. E., 250; Riddle v. Vardanum, 37 Mass., 283; Gurney v. Collins, 7 W. Rep., 670; Fuller v. Bean, 34 N. H., 290; Graff v. Fitch, 58 Ill., 373.

J. J. C. BACH AND W. W. McGUIRE, FOR APPELLEES.

1. In the sales of personal property title does not pass as long as there remains anything to be done to complete the sale. Heman v. Whitescarver's Adm'r., 89 Ky., 633; Parson on Contracts, page 527; Moss v. Messhew, 8 Bush, 187; Benjamin on Sales, sec. 319.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Appellants and appellees claimed to be the owners of certain saw logs in Breathitt county, Ky., by purchase from the same original owner. Appellants insist they were the first purchasers, and the sole question in this case is whether the title passed to appellants under the state of facts presented in this record. The only material evidence bearing upon the issue is given by the appellant, D. F. Hagins, and is as follows:

"I am one of the plaintiffs in this action. I bought the logs claimed by the plaintiffs in this action from H. D. Back for myself and B. M. Hagins. Had two trades with Back. Sold him some goods and a log wagon and he gave me his note. The note recites that he was to pay same in logs, delivered at Jackson. Said note reads as follows:

" '$140.                    Jackson, Ky., December 18, 1893.

" 'One day after date I promise to pay to the order of B. M.
and F. Hagins one hundred and forty dollars, with interest
at 8 per cent. until paid, value received.   The above amount
to be paid in logs at market price in the spring of 1894, de-
livered at Jackson.                              H. D. BACK.'

"Some time after this Loge Terrell sued out an attach-
ment against Back, and I went to Back and proposed to buy
the logs.  This was in February, 1894.  He agreed to sell
the same to me and we made the trade.    The logs at that
time were at the mouth of Roark's branch of Quicksand,
about three miles above Jackson and down Quicksand, be-
low the mouth of said branch at Back's house.  I took pos-
session of the logs and branded them with a large 'C.'  I
branded all the logs Back had at the mouth of said branch,
and I gave him the branding hammer and he took it down
to where the other logs were and had them branded.   Under
our trade and by the terms of same the logs were delivered
into my possession and were to become our property and he,
Back, was to run them to Jackson for me.    We did not
measure the logs, as it was raining, nor did we agree upon
the price except in this way; I was to pay him for the logs
the most that he could get offered in money for them, de-
livered at Jackson, when measured."

It is a well-settled principle of law that where there is a
contract for the sale of personal property in a deliverable
state, but the seller is bound to weigh, measure, test or do
some other act or thing with reference to the property for
the purpose of ascertaining the price, the property or title

does not pass until such act or thing is done. But it is other-wise where nothing remains to be done by the seller, and it appears that the parties intended that the title to the prop-erty should pass immediately, and this is true, though it is subsequently to be weighed or measured in order to ascertain the total amount of the price.

We are of opinion that the title passed immediately upon the branding of the logs, and that this was the intention of the parties, and that the sale was then and there com-pleted. It is insisted by appellees that the sale was not complete for the reason that, by the terms of the contract, the seller (original owner) was to deliver the logs at Jack-son, Ky., a point some distance from the place of sale, and this was a condition precedent. While it is true the seller was to deliver the logs at Jackson, yet we are of opinion that it was the intention of the parties that such delivery was to be made by the seller as the agent of the buyer.

Discussing this question, in the case of Terry v. Wheeler, 25 N. Y., 520, that court said: "Where the sale appears to be absolute and the identity of the thing fixed, * * * we can see no reason for the inference that the property remains in the seller merely because he agrees to transport it to a given place. * * * And in carrying it the seller acts as bailee of the buyer."

"Symbolical delivery of a large number of logs landed on a stream, preparatory to driving, is sufficient delivery, even as against subsequent purchasers, where * * the vendee's mark is put upon the logs as they are thus landed, although the vendor is bound by the contract of sale to deliver the logs at a specified place which is many miles below the land-ing." (Bethel S. M. Co. v. Brown, 99 Am. Dec., 752.)

The following authorities support our view of this case: Standard Oil Co. v. Van Eten, 107 U. S., 325; Byles v. Collier, 54 Michigan, 1; Benjamin on Sales, Sec. 309 and notes.

The court erred in giving peremptory instructions for the appellees, and the judgment is reversed for proceedings consistent herewith.