Case 86.—PROSECUTION AGAINST AL. ADAIR FOR A VIOLA-
.  TION OF THE LOCAL OPTION LAW.—January 5.

## Commonwealth v. Adair.

121   689
122   674

Appeal from Graves Circuit Court.

R. J. Bugg Circuit Judge.

Defendant convicted and appeals., Reversed.

1. Local Option—Violation of Statute—Where the real transaction
   was a sale of beer within the prohibited territory, and it was
   delivered there by the seller, the fact that the parties agreed
   that the title should not pass until the liquor was paid for
   would be an intentional and complete violation of the
   statute.
2. Same—Reason of Statute—Sec. 2570, Kentucky Statutes, was in
   tended to enable courts and juries to go behind appearances
   and subterfuges so as to get at the real transaction.
3. Same—Under the state of facts indicated the peremptory in-
   struction to find appellee not guilty was erroneous.'

N. B. HAYS, Attorney General, CHAS. H. MORRIS and W. H.
HESTER, Commonwealth Attorney, for appellant.

1. The record shows that it is agreed in this case that the
order for the beer was made over the telephone within the city
limits, and the beer house was situated outside of the city
limits; and that it was delivered by the wagon of the defendant
to the witness on the inside of the limits of the city; and that
the witness paid for the beer on the outside of the city limits
at the suggestion of the driver because he declined to receive
the payment on the inside of the limits. And it is further
agreed that Al. Adair was the agent of the Cook Brewing Co.,
at the time of the sale of said beer to said witness.

2. It is a general principle of law, that if nothing is said
about delivery, that the vendee is to take the goods at the place
they were, at the time of the contract. This is true in the sale of
heavy articles then in the possession actual of the vendor. But
these principles do not prevail if the vendor contracts to make
the delivery, and nothing is said as to when the title shall pass.

3. We submit that crossing the town boundary to receive the purchase price of the beer sold by appellee, was the baldest and most patent trick or device that could have been resorted to by the most scheming mind, and that the Legislature must have had just such a matter before their minds when they passed sec. 2570, of the Kentucky Statutes, and the trial judge should not have taken this case from the jury by peremptory instruction.

### AUTHORITIES CITED.

Ky. Stats., sec. 2570; Dunn v. The State, Georgia Sup. Ct.; Tansley v. Turner, 2 Scott, 238, 2 Bing., N. C., 151; Calcutta and B. Steam Navy Co. v DeMattos, 32 N. J., S. Q. B., 322; Stevens v. Santee, 49 N. Y., 35; State v. O'Neal, 1 New England Rep., 775; 58 Vermont, 140; Cleaves v. Washburn, Me., 5, New England Rep., 788; Gonser v. Smith, 7 Cent. Rep., 187; 115 Pa., 452, 19 W. N. C., 250; Dyer v. Libby, 61 Maine, 45; Fuller v. Bean, 34 N. H.; Riddle v. Varnam, 20 Pick., 280; Merchants' Nat. Bank v. Bangs, 102 Mass., 296; Terry v. Wheeler, 25 N. Y., 525; Sewell v. Eaton, 6 Wis., 490; Stone v. Peacock, 35 Maine, 388; Brown & Long v. Childs & Co., 2 Duvall, 314-327; Sweeny v. Owsley, 14 B. M., 413; Miller & Co. v. Somerset Cedar Post & Lbr. Co., 21 Ky. Law Rep., 424-5; Adair v. Commonwealth, 21 Ky. Law Rep., 1819; Creech v. Sutton, 13 Ky. Law Rep., 685.

OPINION BY JUDGE O'REAR—Reversing.

The local option law is in force in the city of Mayfield, in Graves county. Appellee conducted a wholesale beer warehouse just outside the corporate limits of the city. The prosecuting witness ordered of appellee, Adair, by telephone, a keg of beer, to be delivered in the city. Appellee's delivery wagon and driver brought the beer to the witness, and delivered it to him in the city. The driver, who was authorized to collect the price of the beer, refused to accept it in the city, but asked the witness to accompany him across the line of the city limits, where he did receive it. The circuit court upon this evidence, ordered a verdict for the defendant, and the Commonwealth prosecutes this appeal to have the law of the case settled.

Under the existing statute no one, not a manufacturer, can lawfully sell beer within territory in this State where local option is in force. We do not mean to say that a manufacturer can sell his product of beer in a local option district other than one in which his brewery may be located. That question is not presented in this case. Appellee was not a manufacturer of beer. The beer which he sold was brewed by the Cook Brewing Company, whose brewery was located elsewhere than in Mayfield. The action of the circuit court seems to have been based upon the supposition that the sale was not complete till the beer was paid for; and as that part of the transaction occurred, not in the city, the local option territory, the offense was not committed within the prohibition district. Beer sold by the keg is a completed sale when the beer is delivered, in the absence of an agreement to the contrary. The sale, wherever negotiated, is not completed till there is a delivery, where delivery is contemplated by the parties as a condition of the transaction. The title to a personal chattel remains in the seller, if he is required by the contract to forward or deliver the article, until the goods are delivered in accordance with the contract. (Miller v. Somerset Cedar Post Co., 21 Ky. Law Rep., 424, 51 S. W., 615; Hagins v. Combs, 102 Ky., 165, 19 Ky. Law Rep., 1165, 43 S. W., 222.) If prepayment is made a condition precedent of the sale, it of course would have to occur or be waived before the title passed. But, in the absence of such condition in the contract, the fact of payment has no bearing on the question whether the title was passed by the transaction.

These general principles, applicable to dealings in personal chattles, apply to sales of beer or other

liquors, except it appear that the parties have attempted by their agreement or conduct to create an apparent situation different from the true one, with the purpose of evading the penal statutes of this State. In that event formality will be made to yield to the truth of the matter. The statute is: Section 2570, Ky. Stats., 1903: "No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous or malt liquors without license, or in violation or evasion of any local option laws prevailing in any county, town, city, precinct or municipality of this Commonwealth." If, therefore, the real transaction was a sale of the beer within the city, and was to be, and was delivered, there by the seller, or by another acting for him, the fact that the parties agreed that the title should not pass till the liquor was paid for, and then deferred the payment till some future time or other place, would not relieve it of its vice. It would be an intentional, and for every purpose a complete, violation of the statute. The statute first quoted above is meant to enable courts and juries to to go behind appearances and subterfuges, so as to get at the real transaction. It matters not whether the sale is accomplished directly or indirectly. The mischief to be repressed is precisely the same in either case. Therefore, if any part of the transaction occurs in the territory, though some essential part is done elsewhere for the purpose of evading the penalty of the statute, it is to be deemed, in prosecutions under the statute, that the whole transaction occurs within the prohibition district, if the effect or result is that the seller furnishes the liquor to the buyer, so that at last he gets it in that district by reason of the whole transaction. Indeed, section 2570, supra, was

Commonwealth v. Adair.

not needed to enable the courts to go behind subterfuges and evasions in such matters. The law is generally elastic enough to defeat tricks, without enabling statutes for the purpose. Where an act is made up of a series of events, and is criminal in its result, all the occurrences leading up to the consequence need not be done, even within the jurisdiction where it is sought to be punished. It is enough if the result of that jurisdiction constitutes an offense.

To dispose of liquor by sale in a local option district in this State under our statutes is an offense, if done by another than the manufacturer. If, to accomplish the criminal acts, the vendor executes parts of it outside of the prohibition district, yet all so connected with some part of the transaction in the district, that the result is the same as if all had occurred there, the act is as much a crime against the law as if it had all occurred there. It is not the payment for liquor that is aimed to be prohibited, nor is contracting for liquor the mischief aimed at. It is the furnishing it within the excluded territory that is the particular vice intended to be suppressed. Rules of law governing the construction of contracts have little place in prosecutions of penal actions, where a transaction in itself an offense, is so shaped by the criminal actors as to make it conform in appearance to the letter of the law, but violates it in fact and spirit. The peremptory instruction to find the defendant not guilty was erroneous.

This opinion is ordered to be certified to the circuit court.