SAM CARPENTER *v.* STATE.

(*Jackson.* April Term, 1908.)

1. **TAXATION.** Privilege tax for selling liquors at places where the sale thereof is prohibited.

The business of retailing liquors in any part of the State, whether it be where they can be lawfully sold or where the sale is prohibited by the four-mile law, is made a privilege by statute and taxed, and any one engaged in this business, although in violation of the four mile law, is liable for this tax.

Acts cited and construed:  Acts 1899, chs. 161, 221.

Case cited and approved:  Foster v. Speed, 120 Tenn., 470.

2. **INTOXICATING LIQUORS.** Sale in prohibited territory without a license is a misdemeanor.

The seller of intoxicating liquor in a town where the four mile law applies and prohibits the sale thereof may nevertheless be convicted of the misdemeanor for selling the same in violation of the statute prohibiting the sale of liquor without a license.

Acts cited and construed:  Acts 1899, chs. 161, 221.

3. **SAME.** Same. Offense under a general law is not suspended by a special law, when.

Special laws applicable to particular subdivisions of the State, prohibiting the sale of intoxicants therein, do not suspend the operation of general laws requiring a license for their sale, and making the sale thereof without a license a misdemeanor.

Case cited and approved:  Commonwealth v. Barbour, 121 Ky., 689.

---

FROM FAYETTE.

---

Appeal in error from the Circuit Court of Fayette County.—S. J. EVERETT, Judge.

CHAS. N. STAINBACK, for Carpenter.

ATTORNEY-GENERAL CATES, for State.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

The plaintiff in error, Sam Carpenter, was indicted, tried, and convicted in the circuit court of Fayette county for selling intoxicating liquors in that county without license required by law, in violation of chapter 161, p. 309, of the Acts of 1899, and has brought the case to this court for review.

The evidence sustains the charge that the plaintiff in error did, within twelve months before the finding of the indictment, without license so to do, sell intoxicating liquors in the town of Somerville, Fayette county. It further appears that the town of Somerville was incorporated after chapter 221, p. 474, of the Acts of 1899, extending the statute commonly known as the "Four-Mile Law" to towns of a population of not more than two thousand, within which class it came, was enacted, and that there was a schoolhouse where a school was kept within four miles of the place where the sale was made.

The contention of the plaintiff in error is that since the four-mile law, prohibiting the sale of intoxicating liquors within four miles of a schoolhouse where a school is kept, and making such sale a misdemeanor, applied to the town of Somerville, the statutes requiring

those dealing in intoxicants to pay a privilege tax, and making the sale without license to exercise such a privilege a misdemeanor, as provided in chapter 161, p. 309, of the Acts of 1899, do not apply to that territory; in other words, that one cannot be required to take out a license to do a thing, or punished for failure to take out such license, when the business proposed to be done is prohibited by law.

This contention cannot be sustained. The business of retailing liquors in any part of the State, whether it be where they can be lawfully sold or where the sale is prohibited by the four-mile law, is made a privilege and taxed, and any one engaged in this business, although in violation of the latter law, is liable for this tax. This was held at the present term of the court in the case of *Foster* v. *Speed*, 111 S. W., 925. The statute under which the plaintiff in error was indicted, chapter 161, p. 309, of the Acts of 1899, was enacted as a supplement to that imposing a privilege tax upon the sale of liquors, to aid in its enforcement, and also applies to any part of the State. Further, special laws applicable to particular subdivisions of the State, prohibiting the sale of intoxicants therein, do not suspend general laws requiring license of those dealing in such intoxicants, and punishing them for doing business without such license. *Commonwealth* v. *Barbour*, 121 Ky., 689, 89 S. W., 1130, 3 L. R. A. (N. S.), 620.

There is no error in the judgment of the trial court, and the same is affirmed, with costs.