**Richard FELDMAN, M.D., P.C., Plaintiff/Appellant,**

**v.**

**Joe B. HUDDLESTON, Commissioner of Revenue, State of Tennessee, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section at Nashville.

July 12, 1995.

Permission to Appeal Denied by Supreme Court Nov. 20, 1995.

Larry L. Roberts, Rex E. Leatherwood, Roberts & Associates, Nashville, Stewart F. Kresge, Nashville, for Plaintiff/Appellant.

Charles W. Burson, Attorney General & Reporter, Gary N. Meade, Jr., Assistant Attorney General, Nashville, for Defendant/Appellee.

## OPINION

CANTRELL, Judge.

The question in this case is whether the dietary supplements Medifast and Nutrimed when sold by a physician to his patients in a weight loss program are prescribed drugs or medicines and thus exempt from the Tennessee sales tax. The Chancery Court of Davidson County held that they were not. We affirm.

### I.

Dr. Richard Feldman, a physician who devotes a substantial portion of his practice to the treatment of obesity, regularly dispenses Medifast and Nutrimed to his patients. For persons on a very low calorie diet these substances supply the vitamins, minerals, protein and additional substances necessary to counteract the harmful side effects of fasting. They can be obtained and used only through and under the direction of a licensed physician. They are not, however, legend drugs or substances that can be sold only by prescription. The manufacturers simply market them through licensed physicians.

Dr. Feldman did not collect any sales tax from his patients on the sales of these products. When the Commissioner of Revenue assessed Dr. Feldman with the sales tax that would have been due, Dr. Feldman paid the tax under protest and brought this action to challenge the assessment.

### II.

Dr. Feldman relies on an exemption from the sales tax contained in Tenn.Code Ann. § 67–6–320. That section provides:

(a) There is exempt from the tax imposed by this chapter any prescription drug or medicine issued by a licensed pharmacist in accordance with an individual prescription written for the use of a human being by a practitioner of the healing arts licensed by the state of Tennessee.

(b) There is also exempt from the tax imposed by this chapter any prescribed drug or medicine sold to a practitioner of the healing arts licensed by the state of Tennessee or issued by a licensed pharmacist for use in the treatment of a human being.

As can be seen, neither section of the statute specifically covers the sale of drugs or medicine by a physician to his patients. Subsection (a) clearly applies to the sale of a prescription drug or medicine by a licensed pharmacist. Subsection (b), the section at issue here, seems to be directed at the sale of drugs or medicines *to* a practitioner of the healing arts. In the proceedings below, however, the state stated in response to an interrogatory that the sale *by* a physician of a prescribed drug is exempt from the sales tax. Assuming for the purpose of this case that the state's answer is correct we must decide if the two products sold by Dr. Feldman come within the definition of "prescribed drugs or medicines."

The state argues that the word "prescribed" means that the exemption in subsection (b) applies to products that can be sold only by prescription. We are persuaded, however, that the legislature had something different in mind when it used the word "prescription" in subsection (a) and "prescribed" in subsection (b). In the House debates concerning the bill that became subsection (b) of the statute, the sponsor made these remarks:

"House Bill 2275 is a bill that removes a sales tax responsibility on some products that are used in treatment of patients that are prescribed by physicians but which are not handled through the normal dispensing through a licensed pharmacist and as a result, we charge the sales tax on them; and what this bill would do is to remove that sales tax; and one of the products that come in this classification is patients that require oxygen. Oxygen is supplied by a firm that sells bottled gas to the hospital and the hospital then fills the prescription to the patient with that gas and this bill would treat those kind of products as used in the treatment of patients in the same way that any other product is prescribed by a physician and dispensed by a druggist is treated."

Obviously, oxygen is not a product that can be sold only by prescription. So, we conclude that a physician may "prescribe" prod-

ucts that are not "prescription" drugs or medicines. However, by its terms, Tenn. Code Ann. § 67–6–320 only exempts prescribed drugs or medicines from the sales tax. And despite the remarks of the sponsor, oxygen's exemption actually results from a separate act which applies to that product alone—Tenn.Code Ann. § 67–6–318.

That brings us to the question: are these products "drugs or medicines?" While the term "drug" is defined in the Tennessee Code the term "medicine" is not. Dr. Feldman does not insist that the two products come within the Code's definition of drugs but relies heavily on the use of the word "medicine" in the statute. The state concedes that where the code does not define a term its ordinary meaning should be used. "Medicine" has many definitions including:

> Any drug or other substance used in treating disease, healing, or relieving pain. *Webster's New World Dictionary of the American Language,* Second College Edition, 1968.

> A substance used in the treatment of disease. *Roget's II, The New Thesaurus,* Expanded Edition.

> Any drug or preparation used for the treatment or prevention of disease, particularly a preparation that is taken by mouth. *The Bantam Medical Dictionary, Revised Edition,* 1990.

> Any preparation used in treating disease. *Sliosberg, Elsevier's Medical Dictionary in Five Languages,* Second, Revised Edition, 1975.

> Any drug or remedy. *Miller Keane Encyclopedia & Dictionary of Medicine, Nursing & Allied Health,* Fifth Ed. 1992.

> Any substance used to treat disease or alleviate pain. *Churchill's Illustrated Medical Dictionary,* 1989.

An argument can be made that obesity is a disease; therefore Medifast and Nutrimed are substances used in treating that disease. We think, however, that the argument goes too far. The substances are actually used to combat the side effects of starvation. They are not prescribed as a curative; they do not attack obesity; they are simply concentrated food supplements.

Exemptions are construed strictly against the taxpayer and in favor of the state. *Quaker Oats Co. v. Jackson,* 745 S.W.2d 269 (Tenn.1988); *Phillips & Buttorff Mfg. v. Carson,* 188 Tenn. 132, 217 S.W.2d 1 (1949). We think that Dr. Feldman's interpretation of the statute requires a liberal construction rather than a strict one. Therefore, the chancellor's decision should be affirmed.

The judgment of the trial court is affirmed and the case is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and LEWIS, J., concur.