BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., concur.

**Margie HERALD, Allen Evans, and David Parris, Plaintiffs/Appellants,**

v.

**Ruth E. JOHNSON, in her capacity as Commissioner of Revenue for the State of Tennessee, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Jan. 21, 2000.

Permission to Appeal Denied by Supreme Court June 5, 2000.

Phillips M. Smalling, Byrdstown, TN, for plaintiffs/appellants.

Paul G. Summers, Attorney General & Reporter, Elizabeth A. Carnahan, Assistant Attorney General, Nashville, TN, for defendant/appellee.

## OPINION

BEN H. CANTRELL, Presiding Judge, M.S.

This is a dispute with the Tennessee Department of Revenue over whether the privilege tax set out at Tenn.Code Ann. § 67–4–410 is applicable where the appellants illegally sold sealed bottles of liquor for off premises consumption. The Chancery Court of Pickett County denied any refund of the taxes paid by the appellants to satisfy the department's assessment. We affirm.

### I.

The appellants each own a store in Pickett County and each possesses a license to sell packaged beer for off premises consumption. However, appellants also sold sealed bottles of liquor for off premises consumption. As Pickett County is "dry" with regard to liquor sales, the appellants were each cited for the illegal sale of bottled liquor. They were then audited by the Tennessee Department of Revenue and assessed a sales tax and a mixing bar tax based upon the sale of sealed bottles of liquor from the stores. Although appellants paid the assessments and did not challenge the applicability of the sales tax, they sought a refund of the amount paid for the mixing bar taxes. The Chancery Court of Pickett County held that the taxes in dispute were properly due and owing and denied a refund of the assessment.

### II.

The tax at issue is set out at Tenn.Code Ann. § 67–4–410. That section imposes a tax on the privilege of selling "mixed drinks and/or setups for mixed drinks" in the amount of fifteen percent of the gross

receipts from such sales. *See* Tenn.Code Ann. § 67–4–410(b).

## A.

### If the State has not granted a privilege must those engaged in that activity pay a privilege tax?

■ The appellants argue that the tax at issue is intended to apply only to lawful sales of mixed drinks and/or setups for mixed drinks. As the appellants were engaged in unlawful activity, they contend that the tax does not apply. However, we can find no part in the statute that specifically excludes the illegal sale of mixed drinks and/or setups for mixed drinks from this tax. *See* Tenn.Code Ann. § 67–4–410. In addition, the Tennessee Supreme Court has consistently held that "the fact that a business is made unlawful ... and a license cannot be issued or obtained authorizing it, does not prevent the collection of the privilege tax imposed upon such business from a person engaged therein ...." *Diamond v. State,* 123 Tenn. 348, 131 S.W. 666, 667 (1910); *see also Foster v. Speed,* 120 Tenn. 470, 111 S.W. 925 (1908); *Carpenter v. State,* 120 Tenn. 586, 113 S.W. 1042 (1908). In light of the foregoing, we find that the fact that the appellants were engaged in an unlawful activity does not exempt them from this privilege tax.[1]

## B.

### Do the sales come within the statute?

Tenn.Code Ann. § 67–4–410 reads in relevant part:

(2) "Mixed drinks and/or setups for mixed drinks" means and includes any sales of beverages containing any alcoholic content, other than beer, and includes sales of water, soft drinks, ice or any item capable of being used to prepare a mixed drink at a place of business of a person liable for the tax imposed by this section; and

(3) "Person selling mixed drinks and/or setups for mixed drinks" means and includes any person deriving receipts from the sale of mixed drinks and/or setups for mixed drinks or alcoholic beverages whether or not consumed on the premises, and includes any country club, night club or private club in the nature of any social, dinner, athletic, or sporting club or organization, and any fraternal society, order, or association making sales and charges for any of these items:

(A) Sales of mixed drinks taxed under the provisions of Acts 1967, ch. 211 and sales of alcoholic beverages made by persons licensed under §§ 57–3–203 and 57–3–205 shall not be taxed under this section; and

(B) The term does not include sales of setups by cafes, cafeterias, and restaurants where such sales are merely incidental to the principal business and where no bar, lounge, or separate facility is maintained for the purpose of serving or selling mixed drinks and/or setups for mixed drinks.

Tenn.Code Ann. § 67–4–410.

■ The appellants contend that the sale of sealed bottles of liquor does not fall within the purview of the statute. Specifically, the appellants assert that sealed bottles of liquor do not fall within the meaning of "mixed drinks and/or setups for mixed drinks." Tenn.Code Ann. § 67–4–410(a)(2). We disagree. This definition includes sales of beverages "containing any alcoholic content, other than beer ..." It is axiomatic that a sealed bottle of liquor contains alcoholic content. Therefore, sealed bottles of liquor fall within the meaning of "mixed drinks and/or setups for mixed drinks" as set out in the statute.

■ The appellants further contend that they do not fit within the meaning of "[p]erson selling mixed drinks and/or setups for mixed drinks." Tenn.Code Ann. § 67–4–410(a)(3). However, this definition

1. We decline to hold that the legislative intent behind this statute was to tax only lawful activity and, in essence, therefore encourage unlawful activity.

includes any person "deriving receipts from the sale of mixed drinks and/or set-ups for mixed drinks or alcoholic beverages whether or not consumed on the premises ...." The appellants were selling sealed bottles of liquor for off premises consumption. Their activity is clearly within the scope of the statutory definition for persons selling mixed drinks and/or setups for mixed drinks.

Appellants contend that they do not fall within this definition because this tax is intended for a business that intends to derive substantial sales by selling mixed drinks and/or setups for mixed drinks and that has provided a facility for such activity. *See* Tenn.Code Ann. § 67–4–410(a)(3)(B). However, we find it instructive that the legislature specifically stated that a "person selling mixed drinks and/or setups for mixed drinks" includes sales of such drinks "whether or not consumed on the premises." Additionally, exemptions are construed strictly against the taxpayer and in favor of the state. *Feldman v. Huddleston,* 912 S.W.2d 161, 163 (Tenn. Ct. App.1995). In the case at bar, none of the appellants' businesses was a café, cafeteria, or restaurant. Therefore, the appellants do not fall within the exception for cafes, cafeterias, and restaurants set out at Tenn.Code Ann. § 67–4–410(a)(3)(B). The appellants' activity was akin to that of a retail liquor store. The legislature specifically exempted licensed retail liquor stores from this tax. Tenn.Code Ann. § 67–4–410(a)(3)(A). However, as the appellants were not a licensed retail liquor store, they do not fall within this exemption either.

The appellants were persons selling mixed drinks and/or setups for mixed drinks as set out in the statute. As we can find no applicable exemption with regard to the appellants, the Commissioner properly assessed a tax against the appellants pursuant to Tenn.Code Ann. § 67–4–410.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court for Pickett County for any further proceedings necessary. Tax the costs on appeal to the appellants, Margie Herald, Allen Evans and David Parris.

CAIN, and COTTRELL, JJ., concur.