CASE 75.—PROSECUTION AGAINST HENRY MERRITT FOR
        VIOLATING LOCAL OPTION LAW.—April 24.

## Merritt v. Commonwealth

Appeal from Clark Circuit Court.

JAMES M. BENTON, Circuit Judge.

Defendant convicted and appeals.   Affirmed.

Local Option—Subterfuge to Violate Law—Where one who keeps
    whisky for sale in a local option district, agrees with a pur-
    chaser to sell him a half pint thereof, and goes with the
    purchaser across the line into territory in which the local
    option law is not in force, and there delivers the whisky
    and receives the money, such act is a subterfuge to evade
    the statute, and is a violation of the local option law, for
    which the seller was properly fined.

N. B. HAYS and C. H. MORRIS for appellee.

(No brief in the record.)

PENDLETON, BUSH & BUSH for appellant.

### POINTS AND AUTHORITIES.

1. The court should have given peremptory instructions to find
for appellant, because there was no evidence that appellant had
made any illegal sale, or any sale, of whiskey in Clark county
or Magisterial District No. 5, as charged in the indictment.
(Richardson v. Comonwealth, 11 Rep., 367; Kentucky Statutes,
2557, B. sub. 4; Meacham on Sales, vol. 1, sec. 1; Story on Sales,
sec. 1; Benjamin on Sales, sec. 1; 2 Bl. Com., 446.)

2. It was error to instruct the jury as set out in second
instruction, because a part of the instruction particularizes certain
acts upon which the jury may base a conviction, and which in
themselves do not constitute an offense, and which were not
supported by any evidence; and because section 2570, Kentucky
Statutes, does not authorize a conviction in one county for a

sale made in another county. (Rowe v. Commonwealth, 24, Ky.
Law Rep., 974; Penner v. Commonwealth, 23 Ky. Law Rep., 774;
Mahan v. Commonwealth, 21 Ky. Law Rep., 1802; Cockrell v.
Commonwealth, 24 Ky. Lew Rep., 2149;. Bush v. Commonwealth,
20 Ky. Law Rep., 775; Griffin v. Commonwealth, 23 Ky. Law Rep.,
1992; Kentucky Statutes, section 2570.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming

The appellant, Henry Merritt, was indicted, tried,
and convicted in the Clark circuit court for unlaw-
fully selling by retail, spirituous liquor in magisterial
district No. 5, in Clark county, a territory in which
local option was then in force; his punishment being
fixed at a fine of $60. The lower court refused him
a new trial and he insists that the judgment is errone-
ous and asks of this court its reversal upon the
grounds: First, that the court erred in instructing
the jury, and in refusing to peremptorily instruct
them, to find appellant not guilty; second, that there
was no evidence upon which to base the verdict of the
jury.

The only witness introduced upon the trial was R.
L. Epperson to whom appellant made. the sale of
whisky for which he was indicted, and this witness
was introduced for the Commonwealth. Epperson
testified as follows: That he and appellant both live
in Clark county, the latter in magisterial district No.
5; that he went to appellant's home at ice gathering
time, less than a year prior to the finding of the indict-
ment, and told appellant that he wanted to buy a half
pint of whisky from him; that appellant got the
whisky from his house and took the witness in a boat
across the river where local option was not in
force and then gave him the whisky, and wit-
ness paid him 20 cents for it; that he (witness)

knew what the price of the whisky was before he went with appellant over the river, and upon his paying the latter the money and receiving of him the whisky, they immediately returned to magisterial district No. 5 in Clark county where local option was in force.

At the conclusion of the Commonwealth's evidence, counsel for appellant asked of the court a peremptory instruction directing the jury to find him not guilty, which the court refused to give, but gave, over appellant's objection, instructions numbered 1 to 3 inclusive. No. 1 was predicated on the indictment and was written in the customary form. No. 3 was as to the reasonable doubt. But by instruction No. 2, to which appellant particularly objected, the jury were in substance told that if they believed from the evidence beyond a reasonable doubt that the witness Epperson, on the occasion testified to by him, applied to the defendant in magisterial district No. 5, Clark county, for the purchase of a half a pint of whisky, and that the defendant in such district and in Clark county agreed to sell to the said witness the half pint of whisky, and that the whisky, if any, was sold to Epperson, was then in such district and county, and if they further believed from the evidence beyond a reasonable doubt that the act of the defendant and the witness in going across the river, and having the actual transfer of the whisky and the purchase money made in another county was a device or subterfuge resorted to by the defendant in order to evade the operation of, or defeat the policy of, the local option law against selling spirituous liquors in force in the fifth magisterial district of Clark county, then the sale in contemplation of law was made in such district and in Clark county.

Merritt v. Commonwealth.

It was admitted by appellant, upon the trial, that the local option law was in force in magisterial district No. 5, of Clark county, at the time of the sale of the whisky in question, but it was then, and is now, contended by him that the sale of the whisky was wholly made and completed in another county than Clark, for which reason he was not guilty of the violation of the local option law in force in magisterial district No. 5 of Clark county. We are unwilling to accept this view of the matter. According to the evidence he kept the whisky for sale in a local option district of Clark county, at his residence; the purchaser went there to buy it and there announced the purpose of his visit, specifying the quantity of whisky he desired. He knew in advance the price to be paid for the whisky and carried the required amount with him. This of course was known to appellant, so he immediately brought forth from his house the half pint of whisky desired by the witness, exhibited it to him and invited him to go with him in his boat across the river to receive and pay for it. They went across the river and, after getting there, the witness received the whisky from appellant and paid him for it, following which they returned at once to appellant's house where they separated.

Upon receiving Epperson's avowal that he came to purchase whisky, and in letting him know he had it for sale, showing it to him and inviting him across the river to get it, appellant, even if no words were spoken, informed him as plainly as language could have done, that he could and would comply with his request upon the terms proposed, and by that means the minds of the parties came together as fully as if

the whisky had been then and there delivered and paid for.

In other words, before leaving appellant's house to cross the river, the agreement as to the sale of the whisky was to all intents and purposes consummated. It only remained for appellant to deliver the whisky and receive of Epperson the money therefor, and these acts were therefore postponed until the river was crossed. The only object in crossing the river for that purpose was to make it appear, in case the transaction should be discovered and an indictment follow, that the sale took place out of the local option district in which appellant lived. This was manifestly a pretense or subterfuge in the meaning of section 2570, Ky. Stat., 1903, which provides: "No trick, device, subterfuge, or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous or malt liquors without license, or in violation or evasion of any local option laws prevailing in any county, town, city, precinct or municipality of this Commonwealth."

If appellant, a resident of a local option district, is allowed to keep in such district whisky for sale, which is of itself a violation of another section of the local option statute, bargain in such district with purchasers for its sale, and be permitted to escape prosecution therefor by such a subterfuge as taking the purchaser across the river, that the whisky may be delivered and paid for in another county, merely to give the transaction the color and appearance of having occurred outside the local option district, he had as well be allowed to deliver as well as bargain for its sale within the local option district. The evil is the same in either case. As said by this court in

Commonwealth v. Adair, 121 Ky.; 89 S. W., 1130; 28 Ky. Law Rep., 657: "The law is generally elastic enough to defeat tricks without enabling statutes for that purpose. Where an act is made up of a series of events, and is criminal in its result, all the occurences leading up to the consequence need not be done, even within the jurisdiction where it is sought to be punished. It is enough if the result in that jurisdiction constitutes an offense. * * * Rules of law governing the construction of contracts have little place in prosecutions of penal actions, where a transaction in itself an offense is so shaped by the criminal actors as to make it conform in appearance to the letter of the law, but violates it in fact and spirit."

We are of opinion that the evidence authorizing the giving of instruction No. 2, and that none of the rulings of the trial court complained of by appellant constituted error.

Wherefore, the judgment is affirmed.