## Duff v. Commonwealth.

(Decided May 8, 1913.)

### Appeal from Perry Circuit Court.

1. **Intoxicating Liquors—Unlawful Sales—Evasion of Local Option Laws—Place of Offense.**—Where accused has intoxicating liquors for sale in local option territory, in which its sale is agreed to, the transportation of the liquor sold into another county and there delivered and payment for it received, is an evasion of the local option laws; and the offense was committed in the county where the sale was made.

2. Intoxicating Liquors—Trial—Instructions—Place of Sale—Evidence.—In a prosecution for a violation of the local option laws, an instruction defining the place of sale to be where the parties agreed on the price of the liquor, although delivery was made in another county, was proper and was supported by the evidence.

3. Intoxicating Liquors—Evasion of Local Option Laws—Evidence—Question For the Jury.—In a prosecution for a violation of the local option laws, evidence held sufficient to go to the jury on the question of whether or not the carrying into another county and there delivering the whiskey previously sold was an evasion of the local option laws.

W. C. EVERSOLE for appellant.

JAMES GARNETT, Attorney General and D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The grand jury of Perry County, at its June, 1912, term, returned an indictment against John A. Duff, charging him with selling spirituous, vinous, and malt liquors, in said county, within twelve months next before the finding of the indictment, contrary to the local option law in force in said county. Upon this indictment, under a plea of not guilty, the defendant was tried, found guilty, and his punishment fixed at a fine of $100 and imprisonment for twenty days. He appeals, and seeks a reversal upon the ground that the verdict is flagrantly against the evidence, which shows conclusively that the offense was committed in Breathitt County and the motion for a peremptory instruction, at the conclusion of the evidence, should have been sustained. He also complains that the court erred in instructing the jury.

The facts, as disclosed by the evidence, are as follows: The Commonwealth showed that one Bob Sizemore and Will Oliver, some time in January or February, 1912, went to John A. Duff's house, which was in Perry County, and told him that they wanted some whiskey, and, after some considerable deliberation, agreed with him upon the price which they should pay for the whiskey, and also the amount which they should receive. Thereupon, appellant and Will Oliver went into a room in his, appellant's, house and drew out of a barrel the amount of whiskey, which the said Sizemore and Oliver were to have and pay for. It was put into jugs and bottles, and these were taken in a sack by appellant down to, and across, the river which separated Perry

County from Breathitt County. When they reached the Breathitt County side, the whiskey was turned over to Oliver, who delivered to appellant the .money which he and Sizemore had agreed to pay for same. They at once returned to the Perry County side of the river, and Sizemore delivered to Oliver his part of the whiskey. Appellant admits having the whiskey for sale and selling same, but insists that he made no sale in Perry County, that the sale was made in Breathitt County. The only difference between the testimony offered by the Commonwealth and that of appellant is that the witnesses for the Commonwealth state that the agreement was made in Perry County, whereas Appellant insists that the contract was made in Breathitt County. Certain it is that there was drawn from the barrel the exact amount only of whiskey which Sizemore and Oliver wanted and agreed to pay for. Acting under the directions of appellant, Sizemore delivered the money to pay for his part of the whiskey to Oliver, before any part of it was drawn from the barrel and if, as a matter of fact, the trade was made in Perry County and the terms, upon which the whiskey should be sold, fully agreed upon, and the parties carried it over into Breathitt County simply for the purpose of defeating the effect of the local option law, the case falls squarely within the principles announced by this court in Merritt v. Commonwealth, 122 Ky., 669, in which the court said:

"It was admitted by appellant, upon the trial, that the local option law was in force in magisterial district No. 5, of Clark County, at the time of the sale of the whiskey in question, but it was then, and is now, contended by him that the sale of the whiskey was wholly made and completed in another county than Clark, for which reason he was not guilty of the violation of the local option law in force in magisterial district No. 5 of Clark County. We are unwilling to accept this view of the matter. According to the evidence he kept the whiskey for sale in a local option district in Clark County, at his residence; the purchaser went there to buy it and there announced the purpose of his visit, specifying the quantity of whiskey he desired. He knew in advance the price to be paid for the whiskey and carried the required amount with him. This of course was known to appellant, so he immediately brought forth from his house the half pint of whiskey desired by the witness, exhibited it to him and invited him to go with him in his boat

across the river to receive and pay for it. They went across the river, and, after getting there, the witness received the whiskey from appellant and paid him for it, following which they returned at once to appellant's house where they separated.

"Upon receiving Epperson's avowal that he came to purchase whiskey, and in letting him know he had it for sale, showing it to him and inviting him across the river to get it, appellant, even if no words were spoken, informed him as plainly as language could have done, that he could and would comply with his request upon the terms proposed, and by that means the minds of the parties came together as fully as if the whiskey had been then and there delivered and paid for."

To the same effect is Lemore v. Commonwealth, 127 Ky., 480.

The evidence was amply sufficient to justify the court in giving instruction No. 2, which is as follows:

"If you shall believe from the evidence beyond a reasonable doubt that the sale was made in Perry County, the price agreed on for the sale of said liquor in said Perry County and that the contract for said sale was fully agreed on in said Perry County and that the minds of the said parties fully met in Perry County as to the sale of said liquor, and that in said contract, if you shall believe from the evidence beyond a reasonable doubt that such contract was made in Perry County, and that the defendant agreed to deliver the said liquor to the witness or his agent in Breathitt County and receive the purchase price therefor, the same was a sale in Perry County."

It is apparent that the jury believed that the transaction was had in Perry County, and that the delivery of the whiskey across the river in Breathitt was merely a part of a plan, conceived and entered into by and between Oliver and appellant to enable them to avoid the effect of the local option law. Counsel for appellant concedes that his client was guilty of a violation of the local option law, but insists that the prosecution should have been conducted in Breathitt, rather than Perry County. We are of opinion that the real transaction took place in Perry County, where the whiskey was stored, where appellant lived, and where the witnesses for the Commonwealth went in order to purchase same. The transaction was a simple one. But three propositions are involved: Did appellant have the whiskey; was it for sale; and,

what was the price per quart or gallon? He admits that he had it, and that it was for sale; that he notified the prosecuting witnesses the price, and they agreed to pay same. He required one of them to collect from the other enough money to pay for the whiskey which he was to receive. In our opinion, the whole transaction was closed then, and the crossing of the river was simply an attempt, on their part, to enable appellant to avoid being punished for an open, flagrant violation of the local option law, then in force in Perry County.

Section 2570, Kentucky Statutes, provides:

"No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous or malt ilquors without license, or in violation or evasion of any local option laws prevailing in any county, town, city, precinct or municipality of this Commonwealth."

When this section of the statutes is read in connection with the evidence offered by the Commonwealth and the admission made by appellant, it is apparent that instruction No. 2 was authorized; and, under it, the jury had a right to say whether or not the carrying of this liquor over into Breathitt County and delivering it to Oliver upon that side of the river, rather than upon the Perry County side, was a trick, device, or scheme, resorted to for the purpose of defeating the provision of the law, which appellant was violating.

Finding no error in the proceeding leading up to appellant's trial and conviction, the judgment is affirmed.