## Huddleston v. Commonwealth.

### (Decided September 26, 1916.)

### Appeal from Clinton Circuit Court.

Intoxicating Liquors—Local Option—Authority of Agent.—Section 2571, Kentucky Statutes, provides that a conviction for violating

the local option law may be rendered by the jury and sustained by the courts if the facts stated in the section appear. But it was not intended by the section to dispense with the necessity of submitting to the jury in the instructions of the court, the issue as to the authority of the agent who effected the sale where the liquor was sold, and which was in the possession of or control of the defendant. And it is the duty of the court in the trial of such cases, although the facts may appear as stated in said action, to submit the question of the authority of the agent who made the sale to the jury under appropriate instructions.

M. L. JARVIS, E. BERTRAM and ELAM HUDDLESTON for appellant.

M. M. LOGAN, Attorney General; D. O. MYATT, Assistant Attorney General, and W. N. FLIPPIN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Allen Huddleston, was convicted in the Clinton Circuit Court of violating the local option law, his punishment being fixed at a fine of $60.00 and confinement in the county jail twenty days. He prosecutes this appeal, insisting that the jury should have been instructed to find him not guilty, because, as he claims, the evidence shows the sale of the liquor occurred in the State of Tennessee, and not in Clinton county; and that the court failed to properly instruct the jury, provided the case is a submittable one. The evidence of the prosecuting witness, as found in the bill of exceptions, is:

"I live in Clinton county, about two miles from the residence of the defendant, Allen Huddleston, who lives in the southern part of said county, near the Kentucky and Tennessee state line. I went to his house on the 4th day of July, 1915, to get some liquor, and when I got to his residence I found a little boy, the son of the defendant, ten or twelve years old, and a small girl there, some seven or eight years old. I told the little boy while in the house I wanted some liquor, and he said I would have to go over on the other side of the state line before he could let me have it. I then went out of the house to the south side, about twelve or fifteen feet from the house, and the boy brought some liquor in a beer bottle and delivered it to me and I paid him for it and left. I understand that the place where the liquor was delivered to me is in the state of Tennessee. The

defendant, Allen Huddleston, nor his wife was at home when I got the liquor from the boy. I did not see Allen Huddleston that day. My information is that the state line between Kentucky and Tennessee runs within a few feet of the house of the defendant, and my understanding is that defendant's house where he lives is on the Kentucky side of the state line.''

This was all the testimony introduced by the Commonwealth upon the question of the sale of the liquor. The testimony of the defendant is:

''My wife and I went to church that day at Possum Trot Church, in Tennessee. We left my little boy and girl at home on that day. My boy is thirteen years old. He had no authority to sell liquor to any one for me, and if he sold any it was without my knowledge or consent and against my will. I had the key to my liquor house and the boy had no way of getting into my liquor. I was at the time this sale of liquor is claimed to have been made in possession of a United States government license, which gave me authority to retail liquor at my premises, but I have never used them for that purpose, having decided not to use them after I got them.'' Aside from some other evidence not material to the questions presented, this was all the evidence heard upon the trial.

The peremptory instruction was offered upon the idea that the testimony showed the sale was made in the state of Tennessee, and that it failed to show that the son of the appellant, who actually made the sale, was acting under the authority of or as agent for his father.

Upon the point as to the place of sale, we think the evidence abundantly shows that it was made in Clinton county. The minds of the parties met in that county, and the fact that the whiskey was actually delivered at a point out of that county was but a trick or subterfuge resorted to in an effort to evade the law, which is not permitted under Section 2570, Kentucky Statutes. Moreover, the contract for the sale, as well as the sale, was agreed to in Kentucky, which governs the place of sale. This is so under the general law of contracts, and it has been determined by this court to especially apply to offenses which we have here. Lemore v. Comlth., 127 Ky. 480; Duff v. Comlth, 153 Ky. 657. Under the facts of this case, and previous opinions of this court, it was a question for the jury, under proper instructions, to determine whether or not the sale was made by the son,

under the authority and by the consent of his father, the appellant. Noble v. Comlth., 32 Ky. Law Rep. 73; Lock v. Comlth., 113 Ky. 864; Comlth. v. Stone, 165 Ky. 336. There was no error, therefore, in overruling the motion to instruct the jury to find the defendant not guilty. The court gave to the jury only two instructions, numbers 1 and 2. Number 2 is the reasonable doubt instruction, and number 1 is:

"You are instructed that no trick, subterfuge, device or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous and malt liquors in this county, and if you shall believe from the evidence beyond a reasonable doubt that the witness, Looper, went to the residence of defendant in Clinton county, Kentucky, within twelve months before the finding of the indictment, and upon calling for liquor the son of the defendant invited the said Looper to cross the state line into Tennessee and there sold the said witness the liquor mentioned in the evidence, and had him cross the state line for the sole purpose of defeating the purpose of the local option law in Clinton county, Kentucky, then you will find the defendant guilty and fix his punishment at a fine of not less than sixty dollars nor more than one hundred dollars, and at confinement in the county jail for a period of not less than twenty nor more than forty days."

There was no instruction submitting to the jury the question of the agency of the son as the representative of his father in making the sale, although appellant asked the court to so instruct the jury, notwithstanding such motion was not necessary if that character of instruction should have been given. It is insisted by the Commonwealth that the refusal of the court to so instruct the jury was proper under the authority of the two cases of Comlth. v. Stone and Locke v. Comlth., *supra*. An examination of these cases, however, fails to convince us of the correctness of this contention. On the contrary, as we read those opinions they hold the opposite view taken by the Commonwealth. In the Stone case the trial court had instructed the jury to find the defendant not guilty. On appeal by the Commonwealth this ruling of the court was reversed because it was concluded that there was sufficient evidence of agency to submit the question to the jury; this court in so deciding, said:

"While the proof of agency was not direct, the circumstances were sufficient to warrant the belief that the boy was acting as appellee's agent; and it is one of the important functions of the jury to draw inferences from circumstantial evidence." In the instant case the jury were not left to "draw inferences from circumstantial evidence," but were left with no alternative except to decide that the son was the authorized agent of his father, the appellant. In the Locke case the trial court submitted the question of agency to the jury, which was approved by this court when it said:

"The court instructed the jury that if the sale was made by an authorized agent or clerk, in the regular course of business, the defendant was guilty. This was proper. The statute provides that no trick or device shall be allowed to defeat the law, and that a conviction may be sustained against the person in possession of the house in which the liquor is obtained. Kentucky Statutes, 2570, 2571. These sections are evidently intended to make the owners of stores liable in cases like this, in the absence of evidence showing that the sale was unauthorized."

It will be seen from this excerpt that the owners of stores and places where the sale was made are held liable, unless the evidence shows that the sale was unauthorized by the supposed agent. This, however, does not prevent the jury from concluding, under all the facts and circumstances, that the sale was authorized by the defendant, although actually made by another person, upon the premises of the defendant.

It is urged on behalf of the Commonwealth that the action of the court in refusing to give the instruction contended for by appellant was justified under the opinion of this court in the case of Noble v. Comlth., 32 Ky. Law Rep. 73. An examination of that opinion, however, will show that the authority of the supposed agent was not put in issue by any testimony of the defendant, for the court in that opinion, in reciting the testimony, says: "There was none (testimony) for the defendant." In the case we are considering, as we have seen, there was testimony given by the appellant in his behalf to the effect that his son, who was the supposed agent making the sale, was not authorized by appellant to make it, and that it was done without his consent, direction or authority.

It is a general rule prevailing in the practice of criminal law that all issues of fact necessary to the establishment of guilt are placed in issue by the plea of not guilty. The rule is equally as well established in this branch of the law that a fact necessary to conviction, when controverted in the evidence, should be submitted to the jury under an appropriate instruction. In fact, some of the cases to which we have referred expressly uphold this principle, and none of them deny it.

We are aware that the offense with which the appellant is charged is one that perhaps more than any other in the catalogue of crimes destroys the peace, quietude and morals of the community in which it is permitted to flourish, and, because of this, it has been the policy of the courts, as well as the legislature, to in some instances, widen the latitude of the courts in an effort to discover and suppress the evil, but we have been unable to find, notwithstanding such tendencies, where an absolutely essential fact to a conviction may be assumed to be true by the trial court and the jury so instructed.

It is quite probable that in this case the authority to make the sale in question was possessed by the son of appellant, and the jury, if that question had been submitted to them, may have so found, but it is not our province to express an opinion as to the evidence upon this point. It is sufficient for us to say that the question of the authority of the supposed agent, under the testimony as we find it in this record, should have been submitted to the jury for its determination. This not having been done, the judgment is reversed with directions to grant the appellant a new trial, and for proceedings consistent herewith.