## Huddleston v. Commonwealth.

(Decided October 3, 1916.)

### Appeal from Clinton Circuit Court.

Intoxicating Liquors—Evasion of Section 2570 Ky. Stats.— Under section 2570 Kentucky Statutes providing that no tricks or pretense shall be allowed to evade the operation of any local option law, evidence that the defendant resided in Kentucky about three feet of the line between that state and Tennessee, and that the prosecuting witness went to his house and called the defendant, where the latter gave the former a drink of whiskey, and then both of the parties walked over into the state of Tennessee about twelve feet, where the defendant obtained a quart of whiskey from a box and delivered it to the witness upon the payment of seventy-five cents, shows an evasion of the law within the section of the Statute, and justified the verdict of the jury finding the defendant guilty.

E. BERTRAM for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, Allen Huddleston, was indicted, tried and convicted in the Clinton Circuit Court for violating the local option law in force in Clinton County, his punishment being fixed at a fine of one hundred dollars, and confinement in the county jail for twenty days, and from the judgment so rendered he prosecutes this appeal.

It was admitted upon the trial that the local option law was in force at the place where the alleged sale is charged to have been made, and furthermore admitted that the appellant had at that time a government license

from the United States, permitting him to retail liquor upon his premises.

The person to whom the sale is charged to have been made is Edgar Cross, and he testified that in January, 1916, at about twelve o'clock in the day time, he went to the premises of the defendant and motioned for the defendant to come to his house, the defendant at the time being upon the premises, but where he saw and observed the signal of the prosecuting witness, which signal he obeyed. When they got to the house the defendant gave to the witness a drink of whiskey which he obtained from a jug located somewhere near the south door of the defendant's residence. The parties then walked to a point between twelve and eighteen feet south of the house, at which point was located a box about three feet square with a lid on it, and when they arrived at the box the witness informed the appellant that he desired to purchase a quart of whiskey. Appellant opened the box and took out the jug of whiskey, from which he drew a quart and delivered it to the witness, who paid to the appellant seventy-five cents. The defendant denies making the sale, or going away from the house at any time upon that occasion, although he admits that the prosecuting witness was at his residence on that day and procured the drink of whiskey about which he testified. Another witness introduced in behalf of the defendant testified substantially the same as appellant.

Only two instructions were given to the jury upon the trial, the second of which is the reasonable doubt instruction, and the first one is:

"If you shall believe from the evidence beyond a reasonable doubt that within twelve months before the finding of the indictment the defendant, Allen Huddleston, sold spirituous, vinous or malt liquors to the witness, Cross, and that any part of the transaction or sale, or word, or sign, or token were spoken or given regarding the same, in Clinton County, Kentucky, and the delivery of the liquor and the payment therefor consummated in the State of Tennessee, then you will find the defendant guilty, as charged in the indictment, and fix his punishment at a fine of not less than sixty nor more than one hundred dollars, and at confinement in the county jail for a period of not less than twenty days nor more than forty days."

It is urged for reversal that the court should have instructed the jury to find the defendant not guilty, because it is contended: (1) that there is not sufficient evidence of a sale at any place to have justified a submission of that issue to the jury; and (2) because if there was a sale it was made in the state of Tennessee, as the proof shows that the line between the states of Kentucky and Tennessee runs about six feet south of the appellant's house, and that the box from which the liquor was obtained, and where it is contended the sale was made, was entirely within the state of Tennessee.

It requires no extended discussion to justify the submission of the issue of sale or no sale to the jury, because it is a rule of practice in criminal law that if there is any evidence of guilt, or a fact necessary to establish guilt, the question to which the evidence is directed should be submitted to the jury, and in this case we have the positive testimony of the prosecuting witness, Cross, as to the sale, as well as *prima facie* evidence furnished by his being in possession of the Government license to retail liquor.

Under the proof, as disclosed by the record, it was the peculiar province of the jury to have found whether or not the sale was made, and it certainly cannot be contended that there was no evidence on behalf of the Commonwealth upon this point, and we therefore find no merit in the first contention.

Considering the second ground urged, we find section 2570 of Kentucky Statutes to be:

"No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous or malt liquors without license, or in violation or evasion of any local option laws prevailing in any county, town, city, precinct, or municipality of this Commonwealth."

This section was enacted February 24, 1894, but before its enactment the courts had the power, and indeed it was their duty, to look to the substance rather than the form, and to get at the core and heart of a transaction, rather than to view it superficially, hence we find this court, in dealing with a question similar to the one now under consideration, in the case of Com. v. Adair, 121 Ky. 689, saying:

"It matters not whether the sale is accomplished directly or indirectly. The mischief to be repressed is

precisely the same in either case.. Therefore, if any part of the transaction occurs in the territory, though some essential part is done elsewhere for the purpose of evading the penalty of the statute, it is to be deemed, in prosecutions under the statute, that the whole transaction occurs within the prohibition district, if the effect or result is that the seller furnishes the liquor to the buyer, so that at last he gets it in that district by reason of the whole transaction. Indeed, section 2570, *supra*, was not needed to enable the courts to go behind subterfuges and evasions in such matters. The law is generally elastic enough to defeat tricks, without enabling statutes for the purpose. Where an act is made up of a series of events, and is criminal in its result, all the occurrences leading up to the consequence need not be done, even within the jurisdiction where it is sought to be punished. It is enough if the result of that jurisdiction constitutes an offense.''

In that case it was insisted that because of tricks, devices and subterfuges resorted to by the defendant, the prohibited sale was made outside of the corporate limits of the city of Mayfield, and was, therefore, not in violation of the local option law which prevailed in that city. But the court very properly held that it was not the paying for the liquor which was prohibited, and which was sought to be punished, neither was it the delivery of the liquor against which the statute was aimed, but, on the contrary, it was the furnishing of the liquor pursuant to an understanding to that effect which was had within the local option territory that constituted the vice intended to be suppressed. The opinion in that case was followed and quoted from approvingly in the case of Lemore v. Commonwealth, 127 Ky. 480. In that case the defendant was operating a boat on the Mississippi River. The witness to whom the sale of the liquor is alleged to have been made boarded the boat on the Kentucky side and after it had gotten over to the Missouri side of the river he informed the defendant that he desired to purchase a quart of whiskey. The sale was there made and the boat returned to the Kentucky side, landing a short distance from where it started. It will be observed that in that case there was no word spoken in Fulton County, where the sale was charged to have been made, nor even in the state of Kentucky, relative to the purchase of the whiskey. The Court instructed the jury

therein, in substance, that if the prosecuting witness boarded the boat for the purpose of purchasing whiskey, and that defendant knew that such was his purpose, and that they proceeded across the river, where the sale was completed, and that the sale was in the knowledge or minds of both the parties at the time they started across the river, that they would find the defendant guilty of making the sale in Kentucky. Upon appeal, after conviction, the judgment was affirmed.

In the opinion, the Court, after referring to the Adair case, *supra,* and the case of Merritt v. Com., 29 Ky. L. R. 184, said:

"In view of the conduct and circumstances of the parties, there was sufficient evidence to go to the jury. While the evidence is not precisely the same, when taken as a whole, it as well shows an evasion of the Statutes as the proof in either of the two cases cited." And further along it is said: "But when he (defendant) took the proposed purchaser out beyond the thread of the stream to sell him whiskey, and then brought him back to the Kentucky shore, the whole transaction will be looked at, and the sale will be regarded as made not at the point at which the whiskey was delivered and money paid, but on the Kentucky shore, where it was begun, and where it was consummated."

A somewhat similar state of facts was before this Court in the case of Duff v. Com., 153 Ky. 657. In that case the whiskey was delivered and money paid in Breathitt County. The defendant lived in Perry County, and he was indicted in that county, and it was there that the prosecuting witness met him upon the occasion of the transaction charged to have been a sale in violation of the local option law prevailing in Perry County. The defendant was convicted and appealed to this court and the judgment was affirmed, it being stated in the opinion: "It is apparent that the jury believed that the transaction was had in Perry County, and that the delivery of the whiskey across the river in Breathitt was merely a part of a plan conceived and entered into by and between Oliver (prosecuting witness) and appellant to enable them to avoid the effect of the local option law." Moreover, it is a well established principle in the law of contracts generally that they are made at the place where the minds of the parties meet, and where the purposes of each party thereto become understood,

and this applies with equal force to the sale of intoxicating liquors in violation of law. Huddleston v. Com., 171 Ky. 188.

Under the facts disclosed by this record the jury were authorized to find that the prosecuting witness went to the premises of appellant for the purpose of purchasing whiskey, and that when the latter obeyed the signal of the former by coming to the house, he fully understood the object of the visit of the witness. It was a manifest fact that the parties understood each other when they left the house and went to the place where the box containing the whiskey was located, this understanding being that the witness would purchase, and the appellant would sell the whiskey to him, and the jury were authorized to find such to have been the understanding of the parties. The fact that the whiskey was actually delivered and the money paid but a few feet, at most, from the line of the territory in which the sale is charged to have been made will not, in view of the Statute, and the law interpreting it, as written by this court, be permitted to defeat the prosecution. It is in order to reach such cases that the section of the Statute, *supra*, was enacted.

There was no error, therefore, in refusing the peremptory instruction offered by the appellant, nor in giving instruction number one complained of, and the judgment is affirmed.