## Logan v. Commonwealth.

(Decided October 18, 1916.)

### Appeal from Whitley Circuit Court.

1. Intoxicating Liquors—Criminal Prosecutions—Trick, Device, Subterfuge.—No trick, device, subterfuge or pretense will be allowed to evade the operation, or defeat the policy of the law against selling intoxicating liquors in violation or evasion of the local option laws of the state.

2. Intoxicating Liquors—Purpose to Evade Penalty—Effect.—If any part of a transaction ending in a sale of intoxicating liquors occurs in local option territory, though some essential part is done elsewhere for the purpose of evading the penalty of the statute, it is to be deemed in prosecutions under the statute that the whole transaction occurred within the prohibition district, if the effect or result is that the seller furnishes the liquor to the buyer so that at last he gets it in that district by reason of the whole transaction.

3. Intoxicating Liquors—Criminal Prosecutions—Evasion of Law.— Where the prosecuting witness went into K's business house in Jellico, Whitley County, Ky., a dry town, and gave K a dollar, saying he wanted some whiskey, and K telephoned to L, who was only fifty feet away, although in Tennessee, and L shipped the whiskey from Tennessee to the prosecuting witness and delivered it to him at Lot, Ky., in Whitley County, the jury was warranted in finding K to be L's agent and that L was guilty of selling liquor in local option territory; and that the transaction was a mere device to evade the operation of the local option law.

TYE, SILER & GATLIFF for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

The appellant, W. M. Logan, appeals from a judgment of the Whitley circuit court convicting him of selling whiskey in that county, which was local option territory, and fixing his punishment at a fine of $100.00 and imprisonment in the county jail for forty days.

The only ground seriously urged for a reversal is, that the evidence was insufficient to sustain the verdict.

The transaction out of which this prosecution arose, took place in Jellico, which is located on the State line between Kentucky and Tennessee. The proof shows that Luther Lay went to George Koch's place of business, which is on the Kentucky side of the line, and gave Koch a dollar telling him that he (Lay) wanted some whiskey. Koch then ordered the whiskey over the telephone from the appellant Logan, whose place of business was on the Tennessee side of the line and only about fifty feet from Koch's place of business. The whiskey was ordered sent by express to Lot, Ky., which is also in Whitley county and about two miles and a half or three miles from Jellico. Lay then went to Lot, and there received from the express agent, the whiskey which

had been ordered for him by Koch. The whiskey was so marked as to show that it had been shipped by Logan.

The proof further shows that Koch conducted a meat and grocery business, and that Logan was in the whole-sale liquor business.

Logan would not, however, make shipments of liquor to points in Tennessee; and, in order for Lay to get his liquor, it was considered necessary to make it an inter-state shipment by having it shipped from Tennessee to a point in Kentucky.

It is further shown that Lay had procured whiskey from Logan in this manner, on other occasions.

While it does not clearly appear that Lay could have procured whiskey from Logan by going in person to his place of business in Tennessee, one would be justified in concluding, from the testimony, that Lay could not have procured whiskey in that way. The fact that he was only fifty feet from Logan's place of business when he paid Koch the money and ordered the whiskey to be deliv-ered at Lot, was sufficient to justify the jury in believ-ing that the transaction was a mere trick or device to evade the local option law.

Section 2570 of the Kentucky Statutes reads as fol-lows:

"No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous or malt liquors without license, or in violation or evasion of any local option laws prevailing in any county, town, city, pre-cinct, or municipality of this Commonwealth."

The court instructed the jury under this statute, that if they believed from the evidence beyond a reasonable doubt that Logan, in order to bring about the sale to Lay and others in Whitley county, entered into a scheme, ar-rangement or device whereby he employed or allowed Koch to receive the money for him in Whitley county and call him up by telephone and direct the shipment of whiskey to Lot, and that the arrangement was intended to evade the law, and that this arrangement was a trick or device on the part of Logan, whose place of business was near the Kentucky-Tennessee line, by which he was intending or attempting to evade the law against the sale of whiskey in local option territory in Whitley county, they should find the defendant guilty.

Appellant's counsel insist that the transaction was an interstate shipment, and therefore not controlled by the local option law of this State; and a large part of the brief of appellant's counsel is devoted to a discussion of the interstate question. But, if Koch was Logan's agent in the transaction, the interstate question becomes unimportant, since, under that state of case, the sale was made in Whitley county, Ky. Of course, if Koch acted as the agent of Lay, the case would be precisely the same as if Lay had ordered the whiskey from Tennessee to be shipped from Tennessee into Kentucky, and the appellant might not be guilty of violating the local option laws of Kentucky; but, if Koch was the agent of Logan, the entire transaction—the sale and the delivery—occurred in Kentucky and in violation of the local option law.

The fact that the telephone was used by Koch in delivering the message to Logan, and that the express company was used by Logan in bringing the goods from Tennessee into Kentucky, would not take the case from under the control of the Kentucky law prohibiting sales in local option territory, because if Koch was Logan's agent in ordering the whiskey by telephone, the telephone company was thereby called into the service at Logan's instance. This made Koch the agent of Logan and not the agent of Lay, and the express company likewise became the agent of Logan and not the agent of Lay.

This case, in its essential features, is quite like Commonwealth v. Adair, 121 Ky. 689. In that case Adair conducted a brewery just outside the corporate limits of the city of Mayfield. The city was dry territory. The prosecuting witness ordered from Adair, by telephone, a keg of beer, to be delivered in the city. The driver, who was authorized to accept the price of the beer, refused to accept it in the city, but went with the purchaser across the line of the city limits, where the payment was made.

In declaring Adair guilty the court said:

"It matters not whether the sale is accomplished directly or indirectly. The mischief to be repressed is precisely the same in either case. Therefore, if any part of the transaction occurs in the territory, though some essential part is done elsewhere for the purpose of evading the penalty of the statute, it is to be deemed, in pros-

ecutions under the statute, that the whole transaction occurs within the prohibition district, if the effect or result is that the seller furnishes the liquor to the buyer, so that at last he gets it in that district by reason of the whole transaction. Indeed, section 2570, *supra,* was not needed to enable the courts to go behind subterfuges and evasions in such matters. The law is generally elastic enough to defeat tricks, without enabling statutes for the purpose. Where an act is made up of a series of events, and is criminal in its result, all the occurrences leading up to the consequence need not to be done, even within the jurisdiction where it is sought to be punished. It is enough if the result of that jurisdiction constitutes an offense.

"To dispose of liquor by sale in a local option district in this State under our statutes is an offense, if done by another than the manufacturer. If, to accomplish the criminal acts, the vendor executes parts of it outside of the prohibition district, yet all so connected with some part of the transaction in the district that the result is the same as if all had occurred there, the act is as much a crime against the law as if it had all occurred there. It is not the payment for liquor that is aimed to be prohibited, nor is contracting for liquor the mischief aimed at. It is the furnishing it within the excluded territory that is the particular vice intended to be suppressed. Rules of law governing the construction of contracts have little place in prosecutions of penal actions, where a transaction in itself an offense, is so shaped by the criminal actors as to make it conform in appearance to the letter of the law, but violates it in fact and spirit."

Lemore v. Commonwealth, 127 Ky. 480; Merritt v. Commonwealth, 122 Ky. 669; Duff v. Commonwealth, 153 Ky. 657, and Huddleston v. Commonwealth, 171 Ky. 311, are to the same effect.

It is insisted that Lay's testimony indicates that Koch was acting as a matter of accommodation to him, and was therefore the agent of the buyer and not of the seller. But, if Koch received the money for Logan and not for himself, Logan was guilty, as we have above pointed out. There was sufficient evidence to submit that issue to the jury; and, the jury having found the agency to exist, it is not our province to set aside the verdict.

Judgment affirmed.