## Celli v. Commonwealth.

(Decided December 21, 1917.)

### Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Soliciting in Local Option Territory—Where Not in Violation of Law.—The mere soliciting, in local option territory, of orders for the sale of spirituous, vinous or malt liquors for the personal use of the purchasers, where the sales are in fact made by the delivery to a common carrier of the liquor in wet territory by the licensed dealer, on receipt of the order and the money therefor, for shipment to the purchaser and consigned to the latter, is not an offense against the local option law.

2. Intoxicating Liquors—Soliciting in Local Option Territory—When in Violation of Law.—Where, however, the solicitor of such orders is under employment from the liquor dealer, and, in addition to

obtaining them and receiving the money for the liquors, forwarding the orders and accounting to the liquor dealer for the money, receives the liquor following its shipment at the place of destination, delivers it in person to the several purchasers and thereafter gathers up and returns to the liquor dealer the casks or bottles in which the liquors were received by the purchasers, such facts, together with proof of his having in his possession in local option territory within twelve months before his indictment, 200 casks of beer, each containing 10 dozen bottles of beer, warranted his conviction of the offense charged in such indictment, namely: of having in his possession such liquors for the purpose of selling same in local option territory; and this would be so though the liquor were shipped from another State.

3. Intoxicating Liquors—Local Option Law—Sale—Statute.—If any part of a transaction ending in a sale of intoxicating liquors occurs in local option territory, though some essential part is done elsewhere for the purpose of evading the penalty of the statute, it is to be deemed, in prosecutions under the statute, that the whole transaction occurred within the prohibition district, if the effect or result is that the seller furnishes the liquor to the buyer so that he at last gets it in that district by reason of the whole transaction; and such proof as would, in the state of case above indicated, authorize a conviction for the selling of such liquor in local option territory, would, with the added proof of the defendants having in his possession in local option territory an unusual quantity of such liquors, warrant his conviction of the offense denounced by section 2557b, subsection 2, Kentucky Statutes.

W. H. MAY for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The appellant, Jake Celli, was indicted in the Letcher circuit court for the offense defined and denounced by section 2557b, subsection 2, Kentucky Statutes, viz., having in his possession spirituous, vinous and malt liquors for the purpose of selling them in territory where local option was in force. By consent of the parties a jury was waived and the case submitted to the court upon the law, and an agreed statement of facts; the trial resulting in a judgment finding appellant guilty as charged and fixing his punishment at a fine of $100.00 and imprisonment in the county jail ten days. Complaining of that judgment and of the refusal of the circuit court to grant him a new trial, he has appealed.

It appears from the agreed facts that prior to the finding of the indictment appellant, then and now a resident of the town of Jenkins, Letcher county, entered into a written contract with the Fesenmier Company, of Ashland, a corporation engaged in the wholesale and retail traffic in spirituous, vinous and malt liquors, whereby he was employed to solicit for it orders for sales of beer, a malt liquor, in the town of Jenkins; the contract providing that he was to procure such orders upon certain blank forms furnished him by the employer and to collect of the purchasers, at the time of taking such orders, the money required to pay for the beer, and to send such orders and the money received and paid to Fesenmier Co., who were to obtain the beer of the Cumberland Brewing Co., of Cumberland, Maryland, and cause it to be shipped in casks and bottles as required, to Jenkins, there to be received by appellant and by him delivered to the purchasers in the quantities purchased by them respectively. By a further provision of the contract, appellant was to gather from the purchasers of beer in Jenkins the casks and bottles in which it was delivered to them after they were emptied of their contents and to return same to Fesenmier Co. For the services thus required of him under the contract appellant was to be paid by Fesenmier Co. twenty cents per dozen for the empty beer bottles and thirty cents per dozen for the empty beer casks returned by him. Whether any other compensation was received by appellant from his employer or the purchasers of beer does not appear. It is admitted, however, that appellant under the contract mentioned for a year or more conducted the business and rendered the services it required of him; and that down to the time of his conviction in this case he obtained orders and the money for large quantities of beer, the whole of which he delivered, following its arrival by express in Jenkins, to the purchasers thereof. It was for having in his possession, at one time and immediately before the finding of the indictment, for sale in local option territory 200 casks of beer, each cask containing ten dozen pint bottles filled with beer, which were ordered and received for his Jenkins customers, and which he in person delivered them, that appellant was convicted in this case. It is admitted by him that the local option law was at the time of the commission of the offense, if an offense was committed, in force in Letcher county.

The question to be determined is, whether, upon the facts mentioned, his conviction was authorized. It is contended by appellant's counsel that the only thing he did was to solicit the orders for the beer and forward them with the money to the Fesenmier Co. at Ashland, which was not an offense under the law; and further, that the sale of the beer took place in Cumberland, Maryland, the place of its delivery to the common carrier, the express company, for shipment to the purchasers at Jenkins, thereby making the transactions interstate commerce, which cannot be interfered with by the local option laws of this state in force in Letcher county. If appellant had, in fact, done nothing more than solicit and receive at Jenkins the orders for the beer which his employer, Fesenmier Co., upon the receipt of the orders and money, procured to be shipped to that place by the Cumberland Brewing Co., there would be much force in his contentions; for we have in more than one case held that the mere soliciting in local option territory of orders for the sale of such liquors for the personal use of the purchasers, where the sales were in fact made by the delivery of the liquor in wet territory by a licensed dealer, on receipt of the order and the money therefor, to a common carrier, for shipment to the purchaser and consigned to the latter, is not an offense against the local option law. Whitmeyer v. Commonwealth, 140 Ky. 734; Kahn's Sons v. Commonwealth, 143 Ky. 297; Commonwealth v. Gast, Crofts & Co., 143 Ky. 674; Parker v. Commonwealth, 147 Ky. 715. But it is manifest from the evidence furnished by the agreed facts that the participation of appellant in the sales made of beer in Jenkins was not confined to the soliciting of orders and receiving of the money for the beer. In addition to obtaining and forwarding all orders for the beer and accounting to his employer for the money received therefor, upon its arrival at Jenkins he took charge of and by a personal delivery of it placed in the hands of each Jenkins customer the number of casks or bottles purchased by him and following all such deliveries gathered up and returned to the Fesenmier Co. or the Cumberland Brewing Co. all the empty beer casks and bottles after the consumption of their contents by the customers. It is not clear from the evidence whether the beer when shipped to Jenkins by the Cumberland Brewing Co. was consigned to appellant or the several customers purchasing it, but the fact can not be doubted, because admitted by appellant, that the

beer was all received or taken charge of by him immediately upon its arrival at Jenkins and all delivered by him to the purchasers thereof. In other words, for all practical purposes, the work of selling, receiving the money for the beer, delivering it and otherwise handling the beer business of his employers in Jenkins, was as much in the hands of appellant as if it were kept in stock there in a saloon or warehouse under his control for open sale to the public.

It is equally clear that in thus having charge of the selling and delivery of the beer, appellant acted as, and was in legal effect, the local agent of the Fesenmier Co. and Cumberland Brewing Co. at Jenkins, in the local option territory. If his employers had not through him exercised control over the beer after its delivery to the common carrier at Cumberland, Maryland, there might have been greater reason for appellant's contention that their shipment of it into the local option territory was permissible under the interstate commerce law, but, as we have seen, their connection with the beer did not end with its delivery to the common carrier in another state, but continued to Jenkins and after its arrival there, because it went into the hands of their local agent who had previously contracted for its sale, and was by him delivered to the customers to whom it had been sold. This was true not only as to the particular carload of beer, the possession of which by appellant gave occasion for the finding of the indictment under which he was convicted in this case, but of numerous other previous consignments of beer which had in like manner been sold and delivered by him. The rule that the carrier of goods, upon receiving them for shipment, becomes the agent of the consignee, has no application where the consignor or his agent assumes or takes control of the goods at the point of destination and there exercises such control in delivering the goods to the purchasers.

We do not overlook the claim of appellant that the deliveries of beer made by him at Jenkins after its arrival there, were because of his having obtained from each purchaser, when he took his order for the beer, an order directing the express company to deliver it to appellant for delivery to such purchaser. It is not claimed by appellant, however, that the purchaser of the beer paid him for such deliveries, but it is not consonant with reason to infer that the considerable labor performed by him in delivering the beer was gratuitously performed. He

must, therefore, have rendered this service either because he was paid for it by his employer, the Fesenmier Co., or because he had not collected of some of the purchasers of the beer the money owing for what they had ordered, but which by delivering the beer he could compel them to pay. If either of the reasons stated furnished the motive for the service performed by him in delivering the beer to the Jenkins customers, the conclusion would be inevitable that control of the beer was continued by his employer through him as agent after it reached Jenkins and until its delivery to the purchasers, which would conduce to show that the sale of the beer was made or at least consummated at Jenkins through him as such agent; or that he was actually both the purchaser and seller of the beer, and that the method by which it was obtained by him and caused to be shipped to Jenkins was a subterfuge or device to give the transaction and others of like kind engaged in by him such color as to make it appear that all the shipments of beer to Jenkins came under the provisions of the interstate commerce law and thereby prevent his prosecution for a violation of the local option law. In either state of case above indicated his guilt of the offense charged would be so apparent as to leave no doubt of its having authorized the judgment of conviction rendered by the circuit court.

Kentucky Statutes, section 2570, provides:

"No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous and malt liquors without license, or in violation or evasion of any local option laws prevailing in any county, town, city, precinct or municipality of this Commonwealth."

In Logan v. Commonwealth, 171 Ky. 570, the rule applicable to the state of case here presented is thus announced (quoting from the syllabus):

"If any part of a transaction ending in a sale of intoxicating liquors occurs in local option territory, though some essential part is done elsewhere for the purpose of evading the penalty of the statute, it is to be deemed in prosecutions under the statute, that the whole transaction occurred within the prohibition district, if the effect or result is that the seller furnishes the liquor to the buyer so that at least he gets it in that district by reason of the whole transaction."

Commonwealth v. Adair, 121 Ky. 689; Lemore v. Commonwealth, 127 Ky. 480; Merritt v. Commonwealth,

122 Ky. 669; Duff v. Commonwealth, 153 Ky. 657; Huddleston v. Commonwealth, 171 Ky. 311.

Viewed in all of its aspects the case in hand impresses us much as it seems to have impressed the circuit court; that is, that the method employed by appellant and his associates participating in the transactions to supply the citizens of Jenkins with beer, was but a cunningly conceived plan to evade the provisions of the local option law in force in Jenkins and Letcher county, constituting such a device as Kentucky Statutes, section 2570, declares shall not be resorted to for that purpose.

As it was admitted by appellant that he had in his possession, at the time or shortly before he was indicted, two hundred casks of beer which were thereafter delivered by him to persons in Jenkins, these facts were, in the opinion of the trial court, sufficient to show that his possession of the beer was, as charged in the indictment, for the purpose of selling it in the local option territory, including the town of Jenkins. In our opinion the record warrants our concurrence in the circuit court's findings of law and fact and in the punishment inflicted for appellant's violation of the local option law; hence, the judgment is affirmed.

The whole court sitting.