## Davidson v. Commonwealth.

(Decided October 31, 1922.)

### Appeal from Jackson Circuit Court.

1. Intoxicating Liquors—Juridiction—Prohibition Law—Violation—Trick or Device.—Since one who violates the prohibition law is much more apt to be prosecuted in the county where he and the prosecuting witness live, it is just as much an evasion of the law for the defendant and the prosecuting witness to agree on the transaction in the county of their residence, and then go to another county where the law is in force, for the purpose of escaping the prosecution in the home county, as it is to go to a place where there is no law on the subject.

2. Intoxicating Liquors—Prohibition Law—Violation—Trick or Device—Instruction,—Where, on a prosecution for selling intoxicating liquor, the prosecuting witness testified that he asked accused if he had some liquor and accused replied that he did not have any at present but, if witness would go with him, he would get it for him, and they then went to a point about three miles below the house of the accused, which was either in J. county or in an adjoining county, an instruction authorizing the jury to convict, if they believed from the evidence that accused and prosecuting witness entered into an agreement in J. county, whereby accused agreed to sell prosecuting witness the liquor in question, and in pursuance thereof they went into an adjoining county for the purpose of evading the indictment or any prosecution therefor in J. county, was proper.

3. Intoxicating Liquors—Appeal and Error—Evidence—Question For Jury.—Where, on a prosecution for selling intoxicating liquor, the evidence showed that the sale was agreed on in one county, and either consummated in that county or in an adjoining county, it was not error to overrule the motion of accused for a peremptory instruction.

4. Intoxicating Liquors—Appeal and Error—Punishment—Instructions.—Where during three months of the time covered by an indictment for selling intoxicating liquors the penalty was less than that fixed by the statute during the remaining nine months covered by the indictment, and the evidence for the Commonwealth merely showed that the offense was committed within twelve months before the finding of the indictment and not after the higher penalty went into effect, it was error to authorize the jury to impose a higher penalty if they believed from the evidence that the offense was committed at any time within twelve months before the finding of the indictment.

LEWIS & LEWIS for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, Sherman Davidson, was convicted of selling intoxicating liquors, and his punishment fixed at a fine of $300.00 and sixty days in jail.

The only witnesses for the Commonwealth were Fred Parker and Lewis Cunningan. Parker testified that he went to the home of appellant, who resided in Jackson county, and told him that he wanted some liquor. Appellant said that he did not have any at present, but, if the witness would go with him, he would get it for him. They then went to a point about three miles below appellant's house. Appellant went into the woods and returned with some whiskey. Witness bought a half gallon of the whiskey and paid appellant $10.00 for it. Witness was unable to say whether it was in Jackson county or not. After leaving appellant's house, they went right on down the road, or rather down the river, for a distance of about three miles. Witness testified before the United States Commissioner at London, but did not recollect whether he swore that he crossed the river or not. The river is the dividing line between Jackson and Laurel counties, and if they crossed the river, they would have been in Laurel county. Cunnigan testified that appellant had the reputation of selling whiskey.

Instruction No. 1 authorized the jury to find the appellant guilty if they believed from the evidence that the sale took place in Jackson county. By instruction No. 2 the jury were told to acquit the appellant if they believed that the transaction all occurred in Laurel county, but to find him guilty if they believed that appellant and Fred Parker entered into an agreement in Jackson county whereby appellant agreed to sell Parker the liquor in question, and that in pursuance thereof, they went into Laurel county or across the county line into another county for the purpose of evading the indictment or any prosecution therefor in Jackson county.

It is insisted that appellant was entitled to a peremptory instruction because the evidence failed to show that the offense was committed in Jackson county, and that the court erred in giving an instruction authorizing a conviction if appellant went into another county for the purpose of evading the operation of the prohibition law. Section 2554a-7, Kentucky Statutes, provides, "No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the purpose of this law." In the case of Huddleston v. Commonwealth, 171 Ky. 310, 188 S. W. 398, the prosecuting witness went to defendant's premises to purchase whiskey, and after defendant fully understood his object, they left the house and went about twelve feet away, across the boundary line into Tennessee, where defendant delivered and received payment for a quart of whiskey taken from a box located there, and this was held to be an evasion of the law. To the same effect are Commonwealth v. Adair, 121 Ky. 689, 89 ·S. W. 1130, Lemore v. Commonwealth, 127 Ky. 480, 105 S. W. 930, and Duff v. Commonwealth, 153 Ky. 657, 156 S. W. 150. But it is argued that the rule announced in these cases is not applicable because in each of them defendant either went outside of the state, or to a place where the local option law was not in force, whereas the prohibition law was in force in the county into which appellant went, and that being true, he could not evade the law by going into that county. We do not regard the difference as controlling. One who violates the prohibition law is much more apt to be prosecuted in the county where he and the prosecuting witnesses live. Therefore, it is just as much an evasion of the law for the defendant and the prosecuting witnesses to agree on the transaction in the county of their residence, and then

go to another county where the law is in force for the purpose of escaping the prosecution in their home county, as it is to go to a place where there is no law on the subject. The evidence makes it certain that the transaction was agreed on in Jackson county, and was carried out either in that county or in Laurel county. As appellant was guilty if the entire transaction took place in Jackson county, and he and the prosecuting witness went to Laurel county for the purpose of evading the prohibition act, it necessarily results that an instruction on the question of evasion was proper, and that the court did not err in overruling appellant's motion for a peremptory instruction.

The other ground on which the instructions are attacked has more merit. The indictment was returned on April 2, 1921. It alleged that the offense was committed on the 1st day of April, 1921. Though it was not necessary to prove that the offense was committed on that particular day, it was necessary to show that it was committed within twelve months next before the finding of the indictment. The instructions authorized the jury to fix appellant's punishment at a fine of not less than fifty nor more than three hundred dollars and confinement in the county jail for not less than thirty nor more than sixty days, as prescribed by chapter 81, Acts 1920. That act, however, did not go into effect until July 1, 1920. Prior to that time the penalty for selling intoxicating liquor was a fine of not less than sixty nor more than one hundred dollars, or imprisonment in the county jail for not less than ten nor more than forty days, within the discretion of the jury. Section 2557, Kentucky Statutes. Therefore, the case is one where, during three months of the time covered by the indictment, the penalty was less than that fixed by the instructions, and as the Commonwealth merely proved that the offense was committed within twelve months before the finding of the indictment, and not after July 1, 1920, it was error to authorize the higher penalty, if the jury believed that the offense was committed at any time within twelve months before the finding of the indictment.

Another contention is that the court erred in permitting the Commonwealth to prove that appellant had the reputation of selling intoxicating liquor. The prohibition act of 1922 authorizes the introduction of this

character of evidence, but at the time the offense was alleged to have been committed by appellant such evidence was clearly inadmissible.

Judgment reversed and cause remanded for a new trial consistent with this opinion.