## Davis v. Commonwealth.

(Decided January 11, 1924.)

### Appeal from Martin Circuit Court.

1. Criminal Law—Whether Sale in State Held for Jury.—In a prosecution for sale of whiskey, which was delivered on bridge leading from Kentucky to West Virginia, whether the sale was made on the Kentucky side or the West Virginia side held for the jury.

2. Intoxicating Liquors—Sale in this State May be Supported, Though Delivery in Another.—Where seller and purchaser of intoxicating liquor went out of the state over a bridge to West Virginia, in order that delivery might be effected there, the seller was none the less guilty of making a sale in violation of the laws of Kentucky, in view of Kentucky Statutes, section 2570.

J. B. CLARK for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE ROBINSON—Affirming.

At the April term, 1922, of the Martin circuit court the appellant was indicted, charged with selling intoxi-

cating liquor to Marve Endicott, and tried at the April term, 1923. A conviction followed, and a fine of $100.00 and 30 days in jail was assessed.

Attorneys for appellant filed his motion and ten grounds for a new trial, which being overruled, an appeal to this court is prosecuted.

After a careful review of the grounds filed and of the record of trial, we can find absolutely no merit in any of them; and in fact attorney for appellant seems to rely upon but one, the tenth, which is as follows:

10. "Because the evidence showed conclusively that the sale was not made in Kentucky but in West Virginia; and there was no prearrangement, trick, device or subterfuge in the making of the sale; and for this reason the court did not have jurisdiction to try the case."

It appears that some time before the indictment appellant, Major Davis, and the prosecuting witness, Marve Endicott, were on the interstate bridge near Kermit, West Virginia, which crosses the Tug river at this point, and is the connecting link between Martin county, Kentucky, and Mingo county, West Virginia. The witness for the Commonwealth in his evidence says that he purchased the whiskey on the bridge at Kermit, meaning the bridge that leads from the Kentucky to the West Virginia side. He appeared somewhat hazy in his statements as to the exact part of the bridge upon which he and appellant stood, but later admitted, after much questioning, that it was on the Kentucky side.

The testimony of appellant does not differ materially from that of the Commonwealth except as to the point at which he admitted he delivered the whiskey to Endicott. He states that Endicott approached him on the West Virginia end of the bridge, asking if he had any whiskey for sale, under the pretext that he was seeking it for medicinal purposes, and that he sold him a pint for $4.00. He further admitted that both he and Endicott lived on the Kentucky side of the river, and could give no explanation as to why he had gone to this particular place with the whiskey in question; and he further testified that Endicott visited his house in Kentucky a number of times, but on these occasions he had failed to let him have any whiskey. These two witnesses alone appeared, and as to which had testified truthfully was clearly a matter for the jury; and the court very properly overruled a motion of attorney for appellant to give peremptory instructions to acquit his client; and it would

seem that they were of the opinion that the sale was made in Kentucky; and even if Davis and Endicott had gone to the West Virginia side in order that the delivery might be effected there, appellant was none the less guilty of making the sale. We find in section 2570 of Kentucky Statutes:

2570. "No trick, subterfuge, device or pretense will be permitted to shield violations or evasions of the liquor laws in localities where its sale is prohibited."

In Logan v. Commonwealth, 171 Ky. 570, 188 S. W. 678, it was held that a sale of intoxicating liquor, where the purchaser crosses over from Tennessee into Kentucky, and pays for the liquor, and the person receiving the pay ordered it by telephone from defendant's wholesale liquor house in Tennessee, from which it was sent by express to the purchaser, was held to be a direct trick or device to evade the law, and not to prevent the prosecution and conviction for sale in a local option territory. In the case of Commonwealth v. Adair, 121 Ky. 689, it is said:

"It matters not whether the sale is accomplished directly or indirectly. The mischief to be repressed is precisely the same in either case. Therefore, if any part of the transaction occurs in the territory, though some essential part is done elsewhere for the purpose of evading the penalty of the statute, it is to be deemed, in prosecutions under the statute, that the whole transaction occurs within the prohibition district, if the effect or result is that the seller furnishes the liquor to the buyer, so that at last he gets it in that district by reason of the whole transaction."

The appellant does not deny selling the liquor to Endicott, and Endicott admits the purchase, and we are convinced that the sale was made in Kentucky; but admitting the truth of appellant's assertion that he and Endicott were standing on the West Virginia side of the bridge over the Tug river, it is impossible to reach any other conclusion than that Endicott bargained for the whiskey in Kentucky, and that appellant, resorting to a trick and subterfuge, went into West Virginia for the sole purpose of delivering it.

The judgment is affirmed.